**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ASIA G. PHILLIPS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00932 |
| ATLANTIC CREDIT & FINANCE, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ASIA G. PHILLIPS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ATLANTIC CREDIT & FINANCE, INC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in the Northern District of Texas.

5.   Defendant boasts that it is a "leading servicer of unsecured, consumer-distressed assets."[1] Defendant collects debts from consumers throughout the country, including the state of Texas. Defendant is a corporation organized under the laws of the state of Virginia with its principal place of business located at 111 Franklin Road, SE, Suite 400, Roanoke, Virginia 24011.  Defendant's registered agent, Corporation Service Company, is located at 100 Shockoe Slip Fl 2, Richmond, Virginia 23219.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of the nature of Defendant's attempts to collect on a purported defaulted consumer debt ("subject debt") that Plaintiff allegedly owed to Credit One Bank N.A.

8.   Around 2018, Defendant began to place collection calls to Plaintiff's cellular phone, (682) XXX-1329, in an attempt to collect upon the subject debt.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1329.  Plaintiff was financially responsible for the cellular phone and its services.

---

[1] https://www.atlanticcreditfinance.com/about_us.html

10. Upon speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

11. After speaking with Defendant, Plaintiff agreed to make monthly payments of $25.00 to Defendant. Plaintiff provided Defendant with her banking information and authorized Defendant to withdraw the agreed upon amount from her bank account.

12. Plaintiff was making timely payments to Defendant until she unforeseeably lost her job.

13. Due to Plaintiff's financial difficulties, she could no longer continue making monthly payments to Defendant. Plaintiff contacted Defendant, notified it of her financial situation, and requested that it cease withdrawing funds from her bank account.

14. Defendant completely disregarded Plaintiff's request and tried multiple times to make unauthorized withdrawals from Plaintiff's bank account.

15. Subsequently, Defendant began to bombard Plaintiff with collection calls, causing Plaintiff to demand that Defendant cease calling her.

16. Despite Plaintiff's demand, Defendant continued to place harassing phone calls to her cellular telephone. Plaintiff received dozens of phone calls from Defendant since asking it to stop calling.

17. Due to Defendant's non-stop calls, Plaintiff was forced to change her cellular number in order to stop receiving calls from Defendant.

18. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in exhausting time and resources.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, diminished space for data storage on her cellular phone, and payments made to Defendant as a result of its harassing collection campaign.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and alleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692c(a)(1) and §1692d

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff dozens of times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's

demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

27. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

28. Defendant's harassing and illegal conduct caused Plaintiff to change her cellular number in order to avoid Defendant's non-stopping collection calls.

### b.  Violations of the FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact Plaintiff when it no longer had consent to do so.

32.  Additionally, Defendant further violated § 1692 e(10) when it deceptively represented that it could withdraw  unauthorized  funds from Plaintiff's bank account. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to deceive Plaintiff into

believing that it had the authority to withdraw funds from Plaintiff, when in fact, it had no such authority.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f by employing unfair means to collect upon the subject debt from Plaintiff. Specifically, it was unfair for Defendant to attempt to withdraw unauthorized amounts from Plaintiff's bank account on multiple occasions, without Plaintiff's permission.

35. Furthermore, it was unfair for Defendant to place harassing collection calls to Plaintiff cellular phone after she demanded it stop.

WHEREFORE, Plaintiff ASIA G. PHILLIPS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

39. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violation of TDCA § 392.302

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone dozens of times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

### b.  Violations of TDCA § 392.304

42. The TDCA, pursuant to Tex. Fin. Code. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

43.  Defendant violated § 392.304(19) when it implicitly represented that it could withdraw unauthorized transactions from Plaintiff's bank account. Defendant's actions only served to deceptive Plaintiff.

44.  Furthermore, Defendant similarly violated § 392.304(19) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff. Instead of putting an end to

this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

45. Defendant used such false representation in order to dragoon Plaintiff into making a payment on the subject debt.

WHEREFORE, Plaintiff, ASIA G. PHILLIPS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

    e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 16, 2020                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Texas   Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                               Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com